UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

NG Advantage LLC,

       Plaintiff,

       v.

                                  Civil Action No. 2:16-cv-49-jmc

ELM Energy LLC,

       Defendant/Third-Party Plaintiff,

       v.

Cimarron Composites, LLC,

       Third-Party Defendant.

## **OPINION AND ORDER**
(Docs. 16, 28, 41)

On February 23, 2016, Plaintiff NG Advantage LLC (NG Advantage) commenced this action against Defendant ELM Energy LLC (Energy).  (Doc. 1.)  Subsequently, Energy filed a Third-Party Complaint against Third-Party Defendant Cimarron Composites, LLC (Cimarron).  (Doc. 10.)  NG Advantage has since filed an amended complaint against Energy, alleging one claim for breach of contract (Doc. 13), and moved for severance of the complaint against Cimarron (Doc. 16).  Cimarron has filed a Motion to Dismiss the Third-Party Complaint.  (Doc. 28.)

Now pending before the Court is NG Advantage and Energy's Joint Motion to Dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

(Doc. 41.)  The two parties state that they "have determined that it appears there is not complete diversity of citizenship of all members of the two limited liability companies" (*id.* at 1), and thus seek dismissal based on a lack of subject-matter jurisdiction (*id.* at 2). Although Cimarron does not consent to dismissal, Cimarron also "does not generally oppose dismissal."  (*Id.* at 2.)  NG Advantage, Energy, and Cimarron have consented to direct assignment to the undersigned Magistrate Judge.  (Docs. 4, 23, 43.)

For the reasons set forth below, the Joint Motion to Dismiss Without Prejudice (Doc. 41) is GRANTED.

## **Procedural Background**

On February 23, 2016, NG Advantage filed a Complaint against Energy, alleging multiple counts and "suing for damages arising from [Energy]'s breach of the contract and related conduct."  (Doc. 1 at 2.)  On April 15, 2016, Energy filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), in which Energy argued for dismissal of Counts II through V of the Complaint.  (Doc. 9 at 1; Doc. 9-1 at 10.) However, Energy's Motion to Dismiss was later denied as moot (Doc. 18) in light of NG Advantage's single-count First Amended Complaint (Doc. 13), which NG Advantage filed on April 29, 2016 and which "omit[ted] the causes of action alleged in Counts II through V of the original complaint" (Doc. 18).  The First Amended Complaint set forth only one claim for breach of contract based on the failure of Energy to refund $234,976.72 allegedly owed under the terms of its contract with NG Advantage.  (*See* Doc. 13 at 4.*)*

2

Meanwhile, on April 19, 2016, Energy filed a Third-Party Complaint against Cimarron, requesting that "if judgment be entered in favor of [NG Advantage] on [NG Advantage's] Complaint against [Energy], then judgment be entered against [Cimarron] in such an amount that would be commensurate with the damages attributable to Cimarron." (Doc. 10 at 3.) NG Advantage moved to sever the Third-Party Complaint (Doc. 16), and Cimarron later moved to dismiss the Third-Party Complaint for lack of personal jurisdiction (Doc. 28).

On June 21, 2016, a hearing was held on NG Advantage's Motion to Sever, during which counsel for NG Advantage and Energy discussed an issue concerning diversity jurisdiction. (Doc. 37.) The Court took the Motion to Sever under advisement, and gave the parties 14 days to confer and file supplemental briefs. (*Id.*) NG Advantage filed a Status Report on July 5, 2016, explaining that the parties were close to resolving the issue of diversity jurisdiction. (Doc. 39.)

On July 29, 2016, NG Advantage and Energy filed the Joint Motion to Dismiss (Doc. 41), seeking dismissal of this case pursuant to Rule 41(a)(2) based on the lack of subject-matter jurisdiction. (*Id.* at 2.) They state that complete diversity does not exist between the members of the two limited liability companies. (*Id.* at 1.) NG Advantage and Energy also note that "Cimarron does not generally oppose dismissal, however, it does not agree to consent to a stipulated motion to dismiss pursuant to Rule 41(a)(1)(A)(ii) because it does not want this Court or another court to interpret such consent as consent to the jurisdiction of this Court." (*Id.* at 2.)

## Discussion

Federal Rule of Civil Procedure 41 allows for the voluntary dismissal of an action. Rule 41(a)(1)(A) permits a plaintiff to dismiss an action "without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). In the present action, Energy filed an Answer to the First Amended Complaint (Doc. 24), and Cimarron has not stipulated to dismissal (*see* Doc. 41). Consequently, as the parties indicate, "Plaintiff and Defendant must now seek to dismiss this case by order of the Court pursuant to Rule 41(a)(2)." (*Id.* at 2.)

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless stated otherwise in the court order, "a dismissal under this paragraph (2) is without prejudice." *Id.* The Second Circuit has "noted that '[t]wo lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper.'" *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (alteration in original) (quoting *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006)). "One line indicates that such a dismissal would be improper if 'the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" *Camilli*, 436 F.3d at 123 (quoting *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). The other line of authority "indicates that the test for dismissal without prejudice involves consideration of various factors, known as the *Zagano* factors." *Id.* The factors set forth in *Zagano v. Fordham Univ.*, 900 F.2d 12 (2d. Cir. 1990), are the following: "the

plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." *Zagano*, 900 F.2d at 14.

Here, there will be no "plain legal prejudice" to any defendant as this case does not involve "a defendant who is ready to pursue a claim against the plaintiff *in the same action* that the plaintiff is seeking to have dismissed." *Camilli*, 436 F.3d at 124. Moreover, the *Zagano* factors weigh in favor of dismissal under Rule 41(a)(2). First, NG Advantage and Energy were diligent in filing the Motion to Dismiss, as they promptly moved for dismissal after conferring about diversity jurisdiction. Under the second *Zagano* factor, there is no indication that any party has been unduly vexatious. *Omega Inst., Inc. v. Universal Sales Sys., Inc.*, No. 08-CV-6473, 2010 WL 475287, at *4 (W.D.N.Y. Feb. 5, 2010) ("In determining whether a party was unduly vexatious in pursuing its claim, courts consider whether the party had 'ill-motive.'" (citation omitted)). Third, the suit has not progressed beyond the early stages, thus creating no concern of duplicative expenses under the fourth factor. And lastly, the reason for dismissal—the lack of subject-matter jurisdiction—is adequate.

## Conclusion

For the reasons stated above, the Joint Motion to Dismiss Without Prejudice (Doc. 41) is GRANTED. The Amended Complaint (Doc. 13) and the Third-Party Complaint (Doc. 10) are DISMISSED without prejudice. Also, NG Advantage's Motion to Sever Defendant's Third-Party Complaint (Doc. 16) and Cimarron's Motion to Dismiss for

Lack of Personal Jurisdiction (Doc. 28) are DENIED as moot.  The Clerk of Court shall close this case.

Dated at Burlington, in the District of Vermont, this 19th of August, 2016.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge